**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:07-cr-161 |
| | § | |
| JAVIER CORTEZ | § | |

**ORDER GRANTING MOTION TO TRANSFER VENUE**

Before the court are the Defendant's "Motion to Transfer Venue" (de # 35) and the Government's Response. On this day, the court held an evidentiary hearing on the Motion to Transfer Venue based on prejudicial pretrial publicity. At the hearing, defense counsel demonstrated that, indeed, there has been recent, extensive pretrial publicity in print and on television in the Dallas area, and including the Sherman Division, showing the Defendant on film and in photographs and stating that he is a prime suspect in the investigation of a quadruple murder in McKinney, Texas. The Internet websites of local news outlets have also carried these stories about the Defendant. The evidence at today's hearing confirmed that the Defendant has neither been arrested for nor formally charged with those murders. However, the publicity shown to the court suggests that he may be linked to those crimes.

The court is mindful of the fact that the Defendant, as the movant, must make a "strong showing of prejudice." *United States v. Duncan*, 919 F.2d 981, 985 (5th Cir. 1990). On the other hand, a Defendant need not show that he suffered actual harm because of pretrial publicity if he can demonstrate that the "prejudicial pretrial publicity...so pervades or saturates the community as to render virtually impossible a fair trial by an impartial jury drawn from that community." *Mayola v. Alabama*, 623 F.2d 992, 997 (5th Cir. 1980). The evidence presented at today's hearing established that the prejudicial pretrial publicity has been pervasive. The question of whether that publicity

renders virtually impossible a fair trial by an impartial jury drawn from the Sherman Division is an open one. Nevertheless, the court finds that, in the interest of due process and fairness, this case should be transferred to another division of this court pursuant to Rule 18 Fed. R. Crim. P.

The Motion to Transfer Venue is GRANTED. This case is currently scheduled as the number two case for jury selection on February 5, 2008. Arrangements will be made with another venue within the Eastern District of Texas for trial of the case, which may require a scheduling change.

**SIGNED this the 7th day of December, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE